### NAVE, Administrator of LOVELL, *v.* HADLEY.

APPEAL from the *Hendricks* Common Pleas.

FRAZER, J.—*Nave*, administrator of *Lovell*, sued *Hadley*, alleging in his complaint that the intestate, for the purpose of hindering and defrauding creditors, delivered three colts to *Hadley;* that *Hadley* had possession of the property at the death of the intestate, and had since sold a part and kept the balance, and on demand of the administrator refused to deliver it to him, &c. The answer was: 1. A general denial. 2. That the colts were placed in his possession by *Lovell*, as the property of his infant sons, to

Nave, Administrator of Lovell, *v.* Hadley.

rear, and until the boys should arrive at sufficient age to manage them, the boys to pay reasonably for the defendant's expense and trouble; that the boys enlisted in the army, where they still remained, and had been for about three years; that one of the animals yet remained in the defendant's possession, and the other two had been disposed of, and the proceeds and the animal remaining, were held subject to the claim of the boys, and of the amount due the defendant for keeping the same. The reply to the second paragraph of the answer was: 1. A general denial. 2. That the defendant received the colts to conceal them from levy by execution against *Lovell*, and had ever since so concealed them, with the intent to defraud *Lovell's* creditors. There was a trial by the court, and a finding and judgment for the defendant.

We are pressed by the appellant, with much earnestness, to reverse the judgment, upon the ground that the finding of the court below was against the evidence, and inasmuch as no other question is presented, we forbear to consider any other.

We cannot reverse the judgment for the reason presented. There was evidence tending to show that the colts were the property of *Lovell's* boys, and this was not contradicted. They were delivered to the defendant as being their property, and *Lovell*, before becoming embarrassed, had stated that they belonged to the boys. The rule governing appellate courts in such cases is too well settled to warrant our interference under such circumstances.

The judgment is affirmed, with costs.

*C. C. Nave* and *J. Witherow*, for appellant.

*L. M. Campbell*, for appellee.